IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRICE MONCELLE STANSBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-129 |
| | ) | |
| IQVIA HOLDINGS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

In July 2024, the plaintiff's case was dismissed without prejudice for failure to obtain timely service of process. Doc. 20. The plaintiff appealed, Doc. 23, but the appeal was dismissed for failure to prosecute. Doc. 28. The plaintiff then filed a paper writing entitled "Request for Reconsideration in Plaintiff's Discrimination Complaint to Amend Service of Process by Court Appointed Server." Doc. 30. She also filed a motion for appointment of counsel. Doc. 31. The Court denied both motions, noting that final judgment had been entered and finding that "[w]hether construed as a motion under Federal Rules of Civil Procedure 59(e) or 60(b), she has not shown any basis to set aside or vacate the Order and Judgment." Doc. 32.

The plaintiff has now filed another motion for reconsideration, asking the Court to reconsider its prior order at Doc. 32 pursuant to Rule 60(b) for the Rules of Civil Procedure. She repeats the same arguments and recites the same facts she has in other motions, contending again that she obtained proper service.

Federal Rule of Civil Procedure 60(b) authorizes motions for relief from final judgments for five stated reasons, Fed. R. Civ. P. 60(b)(1)–(5),[1] or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011); *see also United States v. Williams*, 56 F.4th 366, 373 (4th Cir. 2023); *BLOM Bank SAL v. Honickman*, 605 U.S. ---, 2025 WL 1583305, at *4–5 (2025).

Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Waetzig v. Halliburton Energy Svcs, Inc.*, 604 U.S. ---, at -- (2025). Before a party may seek relief under Rule 60(b), the party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Ms. Stansbury is not specific about which subsection of Rule 60(b) she contends applies, but she bases her argument of alleged "Error of Procedure & Evidence" and "Ineffective Assistance from the Court." Doc. 33 at 5. Ms. Stansbury has attached materials regarding service by certified mail and seems to be arguing that she executed

---

[1] Federal Rule of Civil Procedure 60(b)(1)–(5) authorizes courts to relieve parties from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; or (5) a judgment that has been satisfied, released, discharged, reversed, vacated, or is no longer equitable.

valid service on the defendant.  *Id.*  Her filings again lack clarity and she has not shown any error reaching the level required for relief from a judgment.

It is not the Court's job to provide "effective assistance" to Ms. Stansbury.  All litigants, whether representing themselves or represented by counsel, must comply with the rules.  In any event, the Court was generous with Ms. Stansbury in advising her of issues with service and giving her time to obtain valid service.  The Clerk explained why service of process was inadequate, Doc. 16, yet Ms. Stansbury took no steps to correct those defects.  She was notified again of the defects, Doc. 18, and again took no steps to correct those problems.  Only after these two notices was judgment entered.

Ms. Stansbury has not shown the extraordinary circumstances required for relief under Rule 60(b).  In addition, this motion comes over a year after final judgment and after she failed to prosecute the appeal, so she has not shown timeliness.

As the Court noted in a prior order, to the extent Ms. Stansbury is relying on Rule 4(m) and seeks more time to effect service, that cannot be done until the existing judgment is vacated.  Even if that were not so, she has not shown good cause as required by Rule 4(m).  In addition to the long delays detailed in the Court's original order, over a year has passed since her case was dismissed.  She offers no explanation for this long delay.  Good cause for a delay requires "a showing of diligence" by the party attempting service and is commonly found when "the failure of service is due to external factors, such as the defendant's intentional evasion of service."  *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (cleaned up).  "[S]ignificant periods of inactivity and a failure to seek

3

extension of time before the deadline has lapsed tend to undercut any claim of good cause." *Id.* at 218 (cleaned up).

It is **ORDERED** that the plaintiff's motion for reconsideration, Doc. 33, is **DENIED**.

This the 13th day of August, 2025.

_____
UNITED STATES DISTRICT JUDGE